# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHADID AL-BARR aka DWAYNE X. HARMON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>GAIL LEWIS, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:03-CV-6148-REC-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE DENIED, AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>(Docs. 35 and 41) |

I.　Defendants' Motion to Dismiss for Failure to Exhaust

　A.　Procedural History

Plaintiff Shadid Al-Barr aka Dwayne X. Harmon ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed August 25, 2003, against defendants Lewis, Bonilla, and Smith ("defendants") for violating the Free Exercise Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment. On March 28, 2005, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants filed their second motion to dismiss for failure to exhaust the available administrative remedies.[1] (Doc. 35.) Plaintiff filed an opposition to the motion on April 15, 2005.[2] (Doc. 39.)

---

[1] Defendants' first motion to dismiss was denied on the ground that they failed to meet their burden as the moving parties. (Docs. 31, 34.)

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on February 6, 2004. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 13.)

1

B.   Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth, 532 U.S. at 739 n.5). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5 (2004).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look

beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

    C.    Discussion

The events at issue in this action allegedly occurred in 1999, and in February and March of 2003. In his complaint, plaintiff alleges that he is a follower of Islam as taught by the Honorable Elijah Muhammad, the Leader of the Lost-Found Nation of Islam ("N.O.I."). Plaintiff alleges because he is a follower of N.O.I., he was denied access to the prison chapel and other special Islamic events available to Muslim inmates.

In their second motion to dismiss, defendants argue that they are entitled to dismissal of this action because plaintiff failed to exhaust the available administrative remedies with respect to the claims that accrued in 2003.[3] (Doc. 35, Motion.) In support of their motion, defendants submit evidence that plaintiff did not file any appeals grieving the claims that accrued in 2003 at the Director's Level of review. (Id., Grannis Dec., ¶ 8-9.) Further, defendants submit evidence that although plaintiff submitted an appeal concerning the denial of religious services in February of 2003, the appeal was screened out because plaintiff failed to demonstrate how he was adversely affected. (Id., Fugate Dec., ¶ 5.) Plaintiff again submitted the appeal on March 26, 2003, but it was screened out as untimely and because plaintiff was improperly appealing the issue on behalf of other inmates. (Id.)

In this Circuit, exhaustion occurs when all avenues of administrative relief available are completed. Ngo v. Woodford, 403 F.3d 620, 631 (9th Cir. 2005). A final decision rendered at the Director's Level of review is not necessarily a prerequisite to a finding that exhaustion occurred. Id. at 624-25, 631. Further, the "exhaustion requirement does not bar subsequent judicial consideration of an exhausted administrative appeal that was denied on state procedural grounds."[4] Id.

---

[3] Defendants concede plaintiff exhausted with respect to his 1999 claim. (Doc. 35, Motion, 5:12.)

[4] Ngo was issued on Friday, March 25, 2005, and defendants' motion was filed Monday, March 28, 2005. The court will presume that defendants were not aware of the opinion at the time they filed their motion and for that reason did not acknowledge the effect of Ngo on their arguments.

1     In this instance, defendants' evidence demonstrates that plaintiff twice attempted to appeal
2 the issues that form the basis of his 2003 claims in this action.  In both instances, the appeals
3 coordinator exercised his or her discretion to screen out plaintiff's appeals on procedural grounds.
4 First, the appeals coordinator found that plaintiff's appeals were, in part, untimely.  Second, the
5 appeals coordinator found that plaintiff had not demonstrated how he was affected and that he was
6 attempting to appeal on the behalf of other inmates.
7     After reviewing the appeals in question, with the exception of the timeliness issue, it is not
8 entirely clear why they were screened out, as it appears sufficiently clear to the court that plaintiff
9 was claiming that he, along with other inmates, was excluded from religious services.  Whether or
10 not the appeals coordinator correctly screened out the appeals is irrelevant, however.  Defendants
11 have set forth no evidence that any other remedies remained available to plaintiff.  Ngo, 403 F.3d
12 at 626, 631.  In light of the Ninth Circuit's decision in Ngo, the appeals coordinator's decision to
13 twice screen out plaintiff's appeals ends the exhaustion inquiry.  Id. at 631.  Exhaustion occurred
14 when plaintiff's appeals were barred by the appeals coordinator on procedural grounds and "no
15 further level of appeal remained in the state prison's internal appeals process."  Id.  Accordingly, the
16 court finds that plaintiff exhausted his claims and recommends that defendants' motion to dismiss
17 on the ground that plaintiff failed to exhaust be denied.
18 II.    Plaintiff's Motion for Summary Judgment
19     On May 16, 2005, plaintiff filed a motion for summary judgment.  On May 24, 2005,
20 defendants filed an opposition to the motion on the basis that it is premature and does not comply
21 with Local Rule 56-260(a).
22     Summary judgment is appropriate when it is demonstrated that there exists no genuine issue
23 as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R.
24 Civ. P. 56(c).  Under summary judgment practice, the moving party always bears the initial
25 responsibility of informing the district court of the basis for its motion, and identifying those portions
26 of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the
27 affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.
28 Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  It is the moving party's burden to establish that

1  there exists no genuine issue of material fact and that the moving party is entitled to judgment as a
2  matter of law. British Airways Board v. Boeing Co., 585 F.2d 946, 951 (9th Cir. 1978).
3       Where, as here, "the moving party has the burden of proof, . . . his showing must be sufficient
4  for the court to hold that no reasonable trier of fact could find other than for the moving party."
5  Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986) (quoting from W. Schwarzer,
6  Summary Judgment Under the Federal Rules: Defining Issues of Material Fact 99 F.R.D. 465, 487
7  (1984)). Thus, on a summary judgment motion, the moving party must demonstrate there is no
8  triable issue as to the matters alleged in its own pleadings. Id. This requires the moving party to
9  establish beyond controversy every essential element of its claim or defense. Fontenot v. Upjohn
10 Co., 780 F.2d 1190, 1194 (5th Cir. 1986). The moving party's evidence is judged by the same
11 standard of proof applicable at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).
12      Pursuant to Local Rule 56-260(a), "[e]ach motion for summary judgment or summary
13 adjudication shall be accompanied by a 'Statement of Undisputed Facts' which shall enumerate
14 discretely each of the specific material facts relied upon in support of the motion and cite the
15 particular portions of any pleading, affidavit, deposition interrogatory answer, admission or other
16 document relied upon to establish that fact."
17      The court has reviewed plaintiff's motion and finds that it does not comply with the
18 requirements set forth in Local Rule 56-260(a). Plaintiff's motion must be accompanied by a
19 statement of undisputed facts in which each fact is separately set forth and is followed by a citation
20 to the "particular portions of any pleading, affidavit, deposition interrogatory answer, admission or
21 other document relied upon to establish that fact." Local Rule 56-260(a). A moving party's failure
22 to cite to the evidence relied upon in support of each specific fact makes a responding party's burden
23 unnecessarily more difficult. In fact-specific cases, the court is disinclined to overlook the failure
24 to comply with the mandate of Local Rule 56-260(a). The responding party should be able to
25 quickly ascertain what facts offered by plaintiff are to be contested and what evidence is relied upon
26 in support of each fact.
27      Although the court is cognizant of the fact that plaintiff is a non-attorney proceeding pro se
28 and is incarcerated, all parties are required to comply with this rule, regardless of their status.

1  Plaintiff's motion is not in compliance with this requirement and the court will not require
2  defendants to sift through plaintiff's motion and separate out themselves the facts and the evidence
3  relied on by plaintiff.

4  III.    Conclusion

5      Accordingly, based on the foregoing, the court HEREBY RECOMMENDS that:

6  1.    Defendants' unenumerated Rule 12(b) motion, filed March 28, 2005, be DENIED on
7        the ground that plaintiff exhausted; and
8  2.    Plaintiff's motion for summary judgment, filed May 16, 2005, be DENIED on the
9        ground that it is procedurally deficient.

10     These Findings and Recommendations will be submitted to the United States District Judge
11 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
12 **days** after being served with these Findings and Recommendations, the parties may file written
13 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
14 Findings and Recommendations."  The parties are advised that failure to file objections within the
15 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
16 1153 (9th Cir. 1991).

17

18 IT IS SO ORDERED.

19 Dated:   August 25, 2005                    /s/ Sandra M. Snyder
   icido3                                     UNITED STATES MAGISTRATE JUDGE
20