UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHADID AL-BARR aka DWAYNE X. HARMON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GAIL LEWIS, et al.,<br><br>　　　　　Defendants._____/ | CASE NO. 1:03-CV-6148-REC-SMS-P<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT<br><br>(Doc. 47) |

　　　　Plaintiff Shadid Al-Barr aka Dwayne X. Harmon ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 20, 2005, plaintiff filed a motion seeking the entry of default against defendants for failing to respond to his complaint. Fed. R. Civ. P. 55.

　　　　Plaintiff is not entitled to entry of default. Defendants' decisions to file two motions to dismiss rather than answer the complaint are acceptable responses and preclude default. Fed. R. Civ. P. 12(a)(4). Once the motions were filed, a further response to the complaint was due only after the court ruled on the motions. On October 12, 2005, the court denied defendants' most recent motion to dismiss. Doc. 45. Pursuant to Rule 12, defendants' responsive pleading is due on October 26, 2005, unless a different time is fixed by the court. Fed. R. Civ. P. 6(a), 12(a)(4)(A). In this instance, pursuant to the court's order of October 19, 2005, defendants have until November 18, 2005 to file a response to plaintiff's complaint. Doc. 46; Fed. R. Civ. P. 6(a). Even if the court had not fixed

///

1  a different time as it did, plaintiff's motion would have been premature in light of the fact that under
2  Rule 12, defendants' response was not due until October 26.
3      For the foregoing reasons, plaintiff is not entitled to entry of default against defendants and
4  his motion is HEREBY DENIED.

9      IT IS SO ORDERED.
10 **Dated:     October 26, 2005**                   **/s/ Sandra M. Snyder**
   icido3                                       UNITED STATES MAGISTRATE JUDGE