# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHADID AL-BARR aka DWAYNE X. HARMON,<br><br>        Plaintiff,<br><br>   v.<br><br>LEWIS and BONILLA,<br><br>        Defendants.<br>_____/ | CASE NO. 1:03-cv-06148-LJO-SMS PC<br><br>ORDER GRANTING DEFENDANTS' REQUEST FOR AN EXTENSION OF TIME TO FILE THEIR PRETRIAL STATEMENT, AND CONTINUING TELEPHONIC TRIAL CONFIRMATION HEARING FROM APRIL 24, 2008, TO MAY 13, 2008 (Doc. 89)<br><br>ORDER STRIKING UNSIGNED WITNESS MOTION (Doc. 88 at page 41)<br><br>Deadline for Defendants'<br>Pretrial Statement:   April 28, 2008<br><br>Telephonic Trial Confirmation<br>Hearing:   May 13, 2008, at 8:30 a.m. in Courtroom 4 (LJO)<br><br>Motions in Limine Deadline:  May 13, 2008<br><br>Opposition to Motions in<br>Limine Deadline:   May 27, 2008<br><br>Other Pretrial Submissions:   May 27, 2008<br><br>Jury Trial:   June 2, 2008, at 8:30 a.m. in Courtroom 4 (LJO) |

**I.    Motion for Extension of Time and Continuance of Hearing**

    This matter is set for a telephonic trial confirmation hearing on April 24, 2008, at 8:30 a.m. and for jury trial on June 2, 2008. The parties are notified that the trial date is firm.[1]

    Defendants seek a fourteen-day extension of time to file their pretrial statement. Defendants' request shall be granted. The telephonic trial confirmation hearing shall be continued to May 13,

---

[1] Plaintiff has indicated a desire to settle this case. If the parties confer and reach a settlement, or if dismissal for any other reason is desired by Plaintiff, the parties shall immediately notify the Court.

1

2008, at 8:30 a.m. in Courtroom 4. In light of the continuance, the parties are advised of the following requirements and deadlines, normally set forth in the pretrial order.[2]

**II      Motions In Limine Hearing and Briefing Schedule**

Any party may file a motion in limine. The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial. Although the Federal Rules do not explicitly provide for the filing of motions in limine, the Court has the inherent power to hear and decide such motions as a function of its duty to expeditiously manage trials by eliminating evidence that is clearly inadmissible for any purpose. Luce v. United States, 469 U.S. 38, 41 n. 4 (1984); Jonasson v. Lutheran Child and Family Services, 115 F. 3d 436, 440 (7th Cir. 1997). The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. Id.; Hawthorne Partners v. AT & T Technologies, Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).

All motions in limine must be served on the other party, and filed with the Court, by **May 13, 2008**. Any motion in limine must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial.

Any opposition to a motion in limine must be served on the other party, and filed with the Court, by **May 27, 2008**.

If any party files a motion in limine, the Court will hear and decide such motions on the morning of trial.

Whether or not a party files a motion in limine, that party may still object to the introduction of evidence during the trial.

**III     Other Pretrial Submissions**

The parties are relieved of their obligation under Local Rule 16-285 to file trial briefs. If they wish to file trial briefs, they must do so on or before **May 27, 2008**.

The Court will prepare the verdict form, which the parties will have the opportunity to review on the morning of trial. If the parties wish to submit a proposed verdict form for consideration, they

---

[2] The pretrial order cannot be issued until Defendants file their pretrial statement.

1  must do so on or before **May 27, 2008**.

2  Defendants shall file proposed jury instructions as provided in Local Rule 51-163 on or
3  before **May 27, 2008**.  If Plaintiff wishes to file proposed jury instructions, he must do so on or
4  before **May 27, 2008**.

5  In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury
6  Instructions to the extent possible.  All jury instructions must be submitted in duplicate: One set will
7  indicate which party proposes the instruction, with each instruction numbered or lettered, and
8  containing citation of supporting authority, and the customary legend, i.e., "Given, Given as
9  Modified, or Refused," showing the Court's action, with regard to each instruction.  One set will be
10 an exact duplicate of the first, except it will not contain any identification of the party offering the
11 instruction or supporting authority or the customary legend of the Court's disposition.  Defendants
12 shall provide the Court with a copy of their proposed jury instructions via e-mail at:
13 ljoorders@caed.uscourts.gov.

14 Proposed voir dire questions, if any, shall be filed on or before **May 27, 2008**.  Local Rule
15 47-162.

16 The parties may serve and file a non-argumentative, brief statement of the case which is
17 suitable for reading to the jury at the outset of jury selection on or before **May 27, 2008**.  The Court
18 will consider the parties' statements but will draft its own statement.  The parties will be provided
19 with the opportunity to review the Court's prepared statement on the morning of trial.  The original
20 and two copies of all trial exhibits along with exhibit lists shall be submitted to Courtroom Deputy
21 Irma Lira no later than **May 27, 2008**.  All of Plaintiff's exhibits shall be pre-marked with the prefix
22 "PX" and numbered sequentially beginning with 100 (e.g., PX-100, PX-101, etc.).  All of
23 Defendants' exhibits shall be pre-marked with the prefix "DX" and numbered sequentially beginning
24 with 200 (e.g., DX-200, DX 201, etc.).

25 Any party wishing to use a videotape for any purpose during trial shall lodge a copy of the
26 videotape with Courtroom Deputy Irma Lira by 4:00 p.m. on **May 27, 2008**.  If a written transcript
27 of audible words on the tape is available, the Court requests that the transcript be lodged with the
28 Court, solely for the aid of the Court.

If any party intends to use a laptop computer for presentation of evidence or intends to use any other audio/visual equipment belonging to the Court, that party shall contact Courtroom Deputy Irma Lira at least one week prior to trial so that any necessary arrangements and/or training may be scheduled.

**IV.     Plaintiff's Motion for the Attendance of Incarcerated Witnesses**

Attached to Plaintiff's pretrial statement is a motion seeking the attendance of seven incarcerated witnesses. (Doc. 88, court record pg. 41.) The motion is not signed and must be stricken from the record. However, the Court notes that re-submission of the motion to cure this deficiency would be futile, as the motion does not meet the requirements set forth in the second scheduling order, which was filed on August 28, 2007.

**V.     Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion for an extension of time to file their pretrial statement is GRANTED;

2. Defendants' pretrial statement is due or on before April 28, 2008;

3. The telephonic trial confirmation hearing is continued from April 24, 2008, to May 13, 2008 at 8:30 a.m. in Courtroom 4 before the undersigned;

4. The deadlines for filing motions in limine and oppositions to motions in limine and for other pretrial submissions are as set forth herein; and

5. Plaintiff's motion for the attendance of incarcerated witnesses, attached to his pretrial statement, is STRICKEN for lack of signature (court record page 41).

IT IS SO ORDERED.

Dated:   April 11, 2008                    /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE